IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDALL WHITNEY,

    Petitioner,

v.                                            CASE NO. 5:12-cv-141-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2002 Holmes County conviction for sexual battery on a victim more than 12 but less than 18 years of age. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 16 (motion and attached appendix of state-court record, hereafter referred to as "App.") Petitioner has filed a response to the motion to dismiss entitled "motion to strike," with exhibits. Doc. 21. The response reflects no basis for striking the motion to dismiss, and accordingly the motion to strike will be denied. Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Procedural History

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, and Petitioner does not contest the accuracy of that summary. Petitioner executed a "plea, waiver, and consent" form on April 9, 2002. App. Exh. C. Petitioner consented to the state court's reliance upon the probable cause statement to justify the acceptance of the plea. *Id.* According to the probable cause narrative, the victim, Petitioner's stepdaughter, reported that on at least three occasions during the summer of 1998, Petitioner had the victim "remove her clothing and expose herself while he took pictures. Several of the pictures are of [the victim] performing oral sex on a white male and at least one of the photographs show the face of a white male that appears to be Randall Whitney who this Officer is familiar with." App. Exh. B. These facts also were recited on the record at Petitioner's plea hearing. App. Exh. C.

At the sentencing hearing, Petitioner stated that he did not commit the charged offense, but that he was entering a plea because otherwise he was facing a fifteen-year sentence for a firearms offense. App. Exh. E. The court afforded Petitioner an opportunity to seek to withdraw his plea, but he declined to do so. Petitioner stated that

he had "proof that shows it didn't happen, but it's like I am saying, I am taking a lesser of the two evils." *Id*. On May 6, 2002, the trial court sentenced petitioner to twelve years of prison followed by 18 years of probation. App. Exh. F.

Petitioner appealed his conviction and sentence to the First District Court of Appeal, but the appeal was dismissed on July 23, 2002, because the notice of appeal did not contain an original signature and Petitioner failed to respond to a show cause order regarding the deficiency. On May 5, 2004, petitioner filed a petition for habeas corpus seeking a belated appeal, but the request was found to be untimely and was denied. App. Exh. L, M.

On December 6, 2005, Petitioner filed a motion to correct sentence in the Holmes County Circuit Court, challenging the court's jurisdiction to impose a an 18-year term of probation. App. Exh. N. The court denied the motion, and the First DCA affirmed on February 12, 2007. App. Exh. O.

On December 16, 2010, Petitioner unsuccessfully pursued habeas corpus relief in the Wakulla County Circuit Court, arguing, *inter alia*, that the portable building in which the offenses occurred did not exist in 1998, but was purchased by him in 1999. Petitioner submitted a receipt for a portable building purchased in 1999, and excerpts of the victim's deposition in which she testified that the offense occurred in the summer of 1998. App. Exh. P. The circuit court dismissed the petition because it had no jurisdiction to address petitioner's challenges to his Holmes County Circuit Court conviction, and further noted that claims which should have been raised on direct appeal or a prior post conviction proceeding could not be raised in a petition for extraordinary relief. *Id*. at 70-71. The First DCA affirmed on February 10, 2012. App.

Exh. T.

## Discussion

Petitioner does not dispute that the instant petition is time-barred. *See* Doc. 21. Rather, Petitioner contends that he is actually innocent of the offense of conviction and that to impose the time-bar to foreclose review of his habeas claims would violate the Suspension Clause. *Id.* As support for his actual-innocence claim, Petitioner submits copies of an invoice reflecting the purchase of a portable building in 1999, an affidavit attesting that the invoice is a true copy, and an excerpt from the victim's deposition in which she testified that the offenses occurred in Petitioner's "office", a white portable building with green mold on it. *Id*.

An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In the instant case, it is apparent that the evidence upon which Petitioner relies in support of his actual-innocence claim is not new within the meaning of the foregoing authority. The date that Petitioner acquired the portable building in which the offenses

were alleged to occur was a fact that was obviously known to him at the time he entered his plea in April 2002. The absence of any new reliable evidence of his asserted innocence is fatal to his claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *See Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D.Fla. 2012) (unpublished).[2]

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

---

[2]Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

Accordingly, it is **ORDERED:**

That the motion to strike, Doc. 21, is **DENIED.**

It is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 16, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 14th day of June 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.